(No. 2381—)

WILHELMENA SCHULTZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 8, 1936.*

CLAIMANT, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The application for compensation in this case was filed May 4, 1934. It alleges that claimant was, during the month of February, 1934, a graduate registered nurse; that she registered for work under the C. W. S. of the State of Illinois, and was assigned to work on Project No. 6376 to help Miss Mary Jane Fee, the Champaign County school nurse, in work over the county; that she started work on January 29, 1934. She was furnished no means of transportation and no expense money for transportation. Miss Fee took the claimant with her in an automobile furnished to her by Champaign County; that on Monday, February 5, 1934 while traveling with Miss Fee in said automobile and under her direction to Broadlands, Illinois, for the purpose of checking up on the scarlet fever situation there, at about 9:00 a. m. and about three miles east of said Broadlands on the public road, the car in which claimant was riding became overheated and apparently commenced to smoke. The occupants of the car became frightened and got out. While alighting from the car, the claimant fell, breaking her left arm near the shoulder.

Claimant received medical care and was confined to a hospital for fourteen days, totally incapacitated. Her compensation was fixed at the rate of $35.00 for a thirty hour week. She has received no compensation for the time she was incapacitated; neither were her doctor and hospital bills paid.

The Attorney General has made a motion to dismiss the claim for the reason that she seeks to recover for injuries sustained by getting out of an automobile while she was assigned to work for the Civil Works Service, and, therefore, the State is not liable.

The Workmen's Compensation Act applies to the State of Illinois. She was not driving the car but was being transported along with an employee, of Champaign County, to Broadlands, Illinois. The danger feared by the car steaming was no real danger whatsoever.

In order to obtain a recovery under the Compensation Act, the claimant must bring herself within the provisions of the Act. There is nothing averred in the complaint which would bring the claimant within the provisions of the Compensation Act, except the fact that she was riding in an automobile which was apparently furnished by the State, but nothing is averred to show what her duties were, or to bring her within Section 3 of the Compensation Act. There is nothing about this claim that would bring it under the Compensation Act of this State. The conditions prescribed by Section 3 of the Workmen's Compensation Act as necessary to the right to compensation are, that the employer and the employee shall be engaged in some department of an enterprise or business which the Act declares to be extra-hazardous. While the Workmen's Compensation Act will be liberally construed to give effect to its purpose, a strained construction to include an occupation or employment, permanent or temporary, not fairly within the Act cannot be supported.

The motion of the Attorney General to dismiss will, therefore, be sustained.